Eastern District of Kentucky
**F I L E D**

JAN 0 5 2007

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-79-GWU

SERENA GAMBILL,                                    PLAINTIFF,

VS:                    MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                   DEFENDANT,

## INTRODUCTION

Serena Gambill brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.   Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to ·do most jobs."    20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).   The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"   Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work.  Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Gambill, a 29 year-old former factory laborer and store cashier with a high school education, suffered from impairments related to anxiety and personality disorders. (Tr. 16-17). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 22). Since the claimant would be able to return to her past relevant work, she could not be considered totally disabled. (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record does not mandate an immediate award of Social Security benefits. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ erred in evaluating Gambill's mental condition. The ALJ found that the plaintiff would be restricted by a "mild" loss of concentration but would

be able to make simple work-related decisions, respond appropriately to supervisors and co-workers in usual work settings, and deal with changes in a routine setting. (Tr. 22). However, examination of the medical record reveals that more severe mental limitations were required.

The ALJ rejected the opinion of Dr. P. Patel, Gambill's treating mental health professional. Dr. Patel indicated that the plaintiff would have (1) a "poor" ability to deal with the public and demonstrate reliability; (2) a "fair to poor" ability to interact with supervisors; and (3) a "fair" ability to relate to co-workers, use judgment, interact with supervisors, maintain attention and concentration, handle complex and detailed job instructions, behave in an emotionally stable manner, and relate predictably in social situations. (Tr. 258-259). These limitations were presented to Vocational Expert Lane Hall who reported that the claimant's past work would be precluded as well as all other jobs. (Tr. 314). The ALJ rejected this opinion as binding because he did not believe it was well-supported by objective medical evidence and was inconsistent with the findings of Psychologist Kenneth Starkey, an examining consultant as well as the non-examining medical reviewers. (Tr. 21). However, the undersigned finds that it might not be as incompatible with Starkey as the ALJ believed. Clearly, this opinion does not support the administrative decision.

The ALJ's reliance upon Starkey was misplaced. The examiner's findings were actually quite favorable to Gambill's claim. Starkey indicated that the plaintiff would have "moderate to severe" difficulties sustaining attention and concentration for completing work tasks as well as "moderate to severe" problems dealing with normal work stresses. (Tr. 177). These limitations appear more severe than those found by the ALJ. The examiner further reported that Gambill would require twelve months of mental health treatment at which point

6

her symptoms <u>might</u> improve to the point she would be "...rendered psychologically appropriate for vocational training or placement at that time..." (Tr. 179). Thus, the examiner did not believe that the plaintiff was currently capable of sustaining employment and would require a year of treatment. The ALJ stated in his denial decision that Starkey indicated that mental health treatment would enable the claimant to function at a much higher state. (Tr. 19). However, the psychologist actually reported that even with treatment, her prognosis would remain "guarded to poor." (Tr. 179). Thus, even with treatment, future employment would be problematic. Therefore, Starkey's opinion also does not provide support for the administrative decision.

The ALJ also cited the opinions of the medical reviewers as providing evidentiary support for his decision. Psychologist Ann Demaree reviewed the record July of 2003 (Tr. 208-225) and Ilze Sillers saw it in January of 2004 (226-242). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. <u>Barker v. Shalala</u>, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, neither Demaree nor Sillers had the opportunity to see and comment upon the opinion of Dr. Patel which was not issued until September 15, 2004. (Tr. 260). While both reviewers would have seen Starkey's July, 2003 report, neither reviewer articulated reasons why their opinions differed from that of the examiner. Thus, the ALJ could not rely upon them to offset the examining sources. Furthermore, the Court notes that each of the reviewers, identified "moderate" limitations with regard to setting realistic goals and making plans independently of others which were not found by the ALJ and, so, the ALJ's findings were not even consistent with these reports. Therefore, the under these circumstances, the medical reviewers also do not provide support for the

7

administrative decision.

Review of medical evidence indicates that the ALJ's findings with regard to Gambill's mental condition have virtually no support in the current record. The actual treating and examining sources are clear in their opinions that work activity, including Gambill's past work, would be precluded for at least twelve months and the non-examiners do not offset these opinions and even identify more severe limitations than those found by the ALJ. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___5___ day of January, 2007.

G. WIX UNTHANK
SENIOR JUDGE

8